NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

RAMON L. GONZALEZ,

    Plaintiff,                                             Civil Action No. 17-5131 (SRC)

v.                                                      **OPINION**

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**CHESLER, District Judge**

       This matter comes before the Court on the appeal by Plaintiff Ramon L. Gonzalez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

       In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 7, 2013. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on February 4, 2016, and the ALJ issued an unfavorable decision on February 25, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

       In the decision of February 25, 2016, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: at step four, the ALJ erred by overlooking the evidence from Plaintiff's treating physician, Dr. Gatto.

At step four, the ALJ described in detail a number of pieces of medical evidence. In short, the ALJ gave greatest weight to the opinion of the state agency consultant, finding it consistent with the objective medical evidence. (Tr. 52.) The ALJ then stated: "As for the opinion evidence, there are no medical source statements from treating sources." (Tr. 52.) Plaintiff argues, correctly, that this statement is simply wrong, because the record contains considerable evidence from treating orthopedist Dr. Gatto, including several evaluation reports that state opinions about Plaintiff's ability to work that are inconsistent with the ALJ's residual functional capacity determination. (Tr. 278-311.) In particular, in the report dated July 23, 2013, Dr. Gatto wrote: "With regards to work, he is unable to do his normal job at work, which is printing and requires a lot of labor. He could have a sedentary position where he is sitting

2

without lifting greater than 5 pounds." (Tr. 279.)

Dr. Gatto's opinion is inconsistent with the ALJ's residual functional capacity determination. While, at step four, the ALJ concluded that Plaintiff retained the capacity to perform sedentary work, he incorporated by reference the definition of sedentary work given in 20 C.F.R. § 404.1567(a), which states: "Sedentary work involves lifting no more than 10 pounds at a time. . ." Dr. Gatto wrote that Plaintiff was limited to sedentary work in which he lifted no more than five pounds. Dr. Gatto's opinion thus conflicts with the ALJ's determination at step four. Moreover, in the report dated April 3, 2013, Dr. Gatto also stated:

> It is my opinion that the motor vehicle accident caused an acute and permanent injury to the L5-S1 disk space . . . The changes that occurred to the disc from the motor vehicle accident and the changes that have occurred to the L5-S1 motion segment from the necessary surgery for that disc injury are all permanent in nature.

(Tr. 291.) Dr. Gatto's opinion that the disc injuries are permanent in nature is evidence which tends to support the inference that the limitations to Plaintiff's ability to work are permanent, too.

The ALJ overlooked this significant medical evidence from a treating physician. This Court concludes that, by overlooking the evidence from Dr. Gatto at step four, the ALJ made a reversible error under Third Circuit law. In Plummer v. Apfel, the Third Circuit concisely summarized many of the principles relevant to this case:

> [A]n ALJ is not free to employ her own expertise against that of a physician who presents competent medical evidence. When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.
>
> Treating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the

> patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). The ALJ's residual functional capacity determination did not follow these principles. The ALJ did not consider all the evidence. He overlooked important conflicting evidence and gave no explanation for doing so. What the ALJ did in the instant case is equivalent to rejecting evidence for no reason, and it is reversible error.

It is well-settled in Third Circuit law that the ALJ must explain why relevant evidence has been rejected:

> This court has recognized that there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record. We have emphasized our concern in a long line of cases. Thus in *Kennedy v. Richardson*, 454 F.2d 376 (3d Cir. 1972), we vacated and remanded the decision of the ALJ because it failed to afford an explanation why the ALJ rejected medical evidence that supported the claimant which was inconsistent with other medical evidence and the ALJ's findings. In *Hargenrader v. Califano, supra*, we reversed and remanded the decision of the hearing examiner because he had failed to address significant items of evidence which were in direct conflict with his findings.

Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). In the instant case, the ALJ failed to address significant items of evidence which were in direct conflict with his findings.

In arriving at the residual functional capacity determination at step four, the ALJ violated the requirements of Third Circuit law; this constitutes reversible error. For this reason, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the

4

Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 26, 2018